Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▾

_____Civil__ Division

|  |  |  |
|---|---|---|
| Tala Josephano | ) | Case: 1:25-cv-00753  JURY DEMAND<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 3/14/2025<br>Description: Pro Se Gen. Civ. (F-DECK) |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial:  *(check one)*   ☑ Yes   ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |  |
| *please write "see attached" in the space and attach an additional* | ) |  |
| *page with the full list of names.)* | ) |  |
| -v- | ) |  |
| American Airlines INC., | ) |  |
| Micah E. Ticatch | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued.  If the* | ) |  |
| *names of all the defendants cannot fit in the space above, please* | ) |  |
| *write "see attached" in the space and attach an additional page* | ) |  |
| *with the full list of names.)* | ) |  |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Tala Josephano |
| Street Address | 615 S Catalina Ave #233 |
| City and County | Redondo Beach, LA county |
| State and Zip Code | CA 90277 |
| Telephone Number | 347-749-4980 |
| E-mail Address | josephanotala@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

MAR 1 4 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | American Airlines INC. |
| Job or Title *(if known)* | Corperate Service Company |
| Street Address | 1090 Vermont Ave. NW |
| City and County | Washington |
| State and Zip Code | DC 20005 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Micah E. Ticatch |
| Job or Title *(if known)* | Counsel |
| Street Address | 1945 Old Gallows Rd. Suite 650 |
| City and County | Vieena |
| State and Zip Code | VA 22182 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
  see attachment

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)*  Tala Josephano                                   , is a citizen of the State of *(name)*  California                          .

   b.    If the plaintiff is a corporation

   The plaintiff, *(name)*                                   , is incorporated under the laws of the State of *(name)*                                   ,
   and has its principal place of business in the State of *(name)*

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)*  Micah E. Ticatch                          , is a citizen of the State of *(name)*  Virginia                          . Or is a citizen of
   *(foreign nation)*

b.    If the defendant is a corporation

The defendant, *(name)* AmericanAirlinesInc_____ , is incorporated under

the laws of the State of *(name)* Delaware_____ , and has its

principal place of business in the State of *(name)* Delaware_____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
See Attachement

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
See Attachement

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.
See Attachement

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        03/10/2025

Signature of Plaintiff

Printed Name of Plaintiff        Tala Josephano

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

## Civil Division

| | |
|---|---|
| **Tala Josephano** | ) |
| Plaintiff, | ) |
| **American Airlines, INC. ,** | |
| **Micah Ephram Ticatch**, | ) |
| Defendant | ) |
| _____ | ) |

## CIVL  COMPLAINT ATTACHEMENT

## JURISDICTION AND VENUE

This Court has jurisdiction under **28 U.S.C. § 1332 (Diversity Jurisdiction)** because
Plaintiff Tala Josephano is a citizen of California; Defendant American Airlines, Inc. is a
Delaware corporation with its principal place of business in Texas; Defendant Micah
Ephram Ticatch, American Airlines' lawyer  is a citizen of Virginia; The amount in
controversy exceeds $75,000, exclusive of interest and costs.

This Court has **personal jurisdiction** over Defendants because they availed themselves;  American Airlines filed a fraudulent Certificate of Service in this Court (D.D.C.) on February 12, 2025, materially affecting litigation in Case No. 1:24-cv-03434; Ticatch, acting as American Airlines' counsel availed himself of this Court by submitting multiple filings in D.D.C. and making fraudulent misrepresentations that directly impacted litigation within this forum. Defendant's acts had foreseeable and intentional consequences in this District, warranting personal jurisdiction. A February 13, 2025, phone call in which he affirmed service was completed; A February 18, 2025, email reconfirming the same misrepresentation.

**Venue** is proper in this Court because: The fraudulent Certificate of Service was filed in this Court, materially affecting ongoing litigation; Defendant Ticatch's misrepresentations were made while engaged in D.C. litigation, directly influencing court deadlines and procedural decisions;  Defendants fraudulent actions directly impacted judicial proceedings in D.C., creating intentional harm in the forum.

The underlying case (1:24-cv-03434ACR) remains pending in D.D.C., making this the proper venue.

**TABLE OF CONTENT**

**December 30, 2024** :Plaintiff Tala Josephano and Co-Plaintiffs Samiha & Feras filed a claim against American Airlines & Gulf Air for wrongful death, negligence, negligence per se, and fraud for falsifying Certificates of Compliance.

**January 22, 2025** :American Airlines was properly served with a deadline of February 12, 2025, to file an answer or appearance.

**February 12, 2025** – Defendant's Fraudulent Certification : Defendants  filed a fraudulent Certificate of Service on the last day after 5:00 PM, knowingly misrepresenting that all three Plaintiffs had been served via email; Despite knowing that the email address for Plaintiff Tala was incorrect and that Co-Plaintiffs Feras and Samiha had not been served, Defendants filed the Certificate to mislead the court into believing service was complete.

**February 13, 2025** – Initial Discovery of Misrepresentation :Plaintiff Tala calls the court and confirms she was never served; Plaintiff immediately calls Defendant Ticatch, who knowingly misrepresents that service was completed; Despite knowing the email was undelivered, Ticatch reaffirms service without providing proof.

**February 18, 2025** – Continued Fraudulent Representations :Plaintiff requests proof of service. Defendant Ticatch fails to provide tracking information but falsely reassures that service was completed on February 12 2025; Plaintiff, relying on Defendant's

representations, does not take immediate action, delaying her ability to challenge the defective service and seek default.

**February 20, 2025** – Defendants Escalate Abuse of Process: Plaintiffs confirm that no individual service was completed for Co-Plaintiffs Feras and Samiha; Rather than correcting the fraudulent Certificate of Service or service and the misrepresented statements,

**February 24, 2025** – Defendant Feigns Confusion but Admits Misconduct: Plaintiff Tala emails Defendant Ticatch requesting correction of the procedural record; Defendant Ticatch initially feigns confusion but later admits he never complied with the judge's standing order; Despite admitting non-compliance, Defendant refuses to amend the Certificate of Service or notify the court.

**February 25, 2025** – Plaintiff Tala warns Defendant Ticatch that Plaintiffs will pursue legal consequences; After previously ignoring multiple requests, Defendant Ticatch immediately responds, attempting to downplay his misconduct.

**February 26–March 3, 2025** – Defendants Exploit Court System to Shield Fraud: Defendants use internal court connections to bypass default motions and improperly schedule their defective Meet and Confer meeting; This tactic ensures their fraudulent Statements remain unchallenged and prevents judicial scrutiny.

**March 4, 2025** – Defendants Admit Fraud but Refuse Correction :In opposition to Plaintiffs' motion for default, Defendants admit that service was not completed on February 12, contradicting their prior sworn statements; Despite this admission,

Defendants refuse to amend the fraudulent Certificate of Service, ensuring the false record remains in place.

**March 5, 2025** – Court Official Intervenes in Favor of Defendants: Deputy Alexander Burton, from different chambers, gets involved and improperly schedules Defendants' Meet and Confer motion, skipping Co-Plaintiffs' pending motions for default; This intervention fast-tracks Defendants' defective filings while delaying Plaintiffs' attempts to challenge service fraud.

**March 6, 2025** – Defendant Ticatch Explicitly Confirms Intent to Deceive :Defendant Ticatch calls Plaintiff Tala, arrogantly dismissing the fraudulent service issue and stating: "No one cares, I am pretty confident the judge won't care" about the misrepresented Certificate of Service & Co-Plaintiffs' Entry to Default Motion; Defendant Ticatch pressures Tala to agree to the defective Meet & Confer rather than challenging the fraudulent service issue; This statement demonstrates Defendants' knowledge of their misconduct and their belief that they could avoid judicial accountability through procedural manipulation.

1. **INTRODUCTION**

2. Plaintiff Tala Josephano brings this action against Defendants American Airlines and its legal counsel for their deliberate misrepresentation and omission regarding procedural compliance, directly interfering with Plaintiff's ability to assert her legal rights.

3. On February 12 and February 18, 2025, Defendant Ticatch, acting as legal counsel for American Airlines, knowingly misrepresented the status of service to Plaintiff, inducing reliance on procedural deadlines that were not met.

4. At the time of the statements, Defendants were aware that service had not been completed in accordance with procedural rules, yet they continued to assert otherwise.

5. Defendants' misrepresentation was not an oversight but a deliberate act designed to induce Plaintiff into procedural inaction, obstruct her ability to file timely motions, and ensure Defendants retained an unfair litigation advantage.

6. Defendants' statements made in direct communications—through phone calls on February 13 and emails on February 18—were knowingly inconsistent with the facts available to them. By reinforcing these misrepresentations, Defendants misled Plaintiff, interfering with her ability to make informed legal decisions and causing direct harm, including financial strain and emotional distress.

7. **FACTUAL BACKGROUND**

8.  **February 12, 2025 – Certificate of Service**

9. On February 12, 2025, Defendant American Airlines and its legal counsel, Defendant Micah Ephram Ticatch, submitted a Certificate of Service in the U.S. District Court for the District of Columbia (Case No. 1:24-CV-03434), certifying that service had been effectuated on all three Plaintiffs via electronic mail.

10. Defendant Ticatch, acting on behalf of Defendant American Airlines, filed the Certificate of Service through the CM/ECF system, alongside:

    a.  NOTICE of Appearance at 5:19 PM EDT,

    b.  MOTION to Dismiss at 5:21 PM EDT,

    c.  CERTIFICATE OF DISCLOSURE at 5:25 PM EDT.

11. The Certificate of Service filed by Defendants on February 12, 2025, affirmed compliance with FRCP 12(a)(1)(A)(i), stating that service was completed within the 21-day deadline. However, this certification was inconsistent with court records, misrepresenting compliance and impacting Plaintiffs' ability to respond within required deadlines.

12. Defendant American Airlines, as the principal party, is liable for the actions of its legal counsel, Defendant Ticatch, whose misrepresentation obstructed Plaintiff's ability to seek procedural relief and caused her harm. The filing of the Certificate of Service created a misleading procedural record, delaying legal actions and providing Defendants with an unfair advantage

13. Court records indicate several discrepancies in Defendants' service representations Plaintiff Tala Josephano's email was entered incorrectly (JoEssephanotala@gmail.com instead of JoSephanotala@gmail.com); Tala's electronic notification remained inactive until February 18, 2025; Gulf Air, a named party, was omitted from the Certificate of Service; Co-Plaintiffs Feras Hindi and Samiha Ayyash had not consented to electronic service, were not enrolled in CM/ECF, and had not received individual service; No email address was listed for Feras, and Samiha lacked access to the email used.

14. Despite these defects, Defendants relied on the Certificate of Service as the official service record to assert procedural compliance. Courts depend on the accuracy of such certifications to establish response timelines and ensure due process. Defendants' actions directly impacted Plaintiff's ability to receive proper notice and respond accordingly.

15. **FRAUD 1**

16. **FEBRUARY 13 2025**

17. On February 13, 2025, when Plaintiff first became aware of the motion, she immediately called Defendant Ticatch to clarify service. Instead of admitting the service failure, Defendant Ticatch intentionally misrepresented that service had been completed via email and mail on February 12, 2025. Plaintiff directly requested proof of service, which Defendant failed to provide. He doubled down on this misrepresentation on February 18, 2025,

reinforcing Plaintiff's reliance on the belief that procedural deadlines had already passed, causing her to delay corrective action.

18. Later that day, Plaintiff called Defendant Micah Ephram Ticatch, counsel for Defendant American Airlines, at his office to confirm whether she had been served. Plaintiff explicitly informed Defendant Ticatch that she had not received service and requested confirmation.

19. Defendant Ticatch, acting on behalf of American Airlines, misrepresented that service had been completed via email and mail on February 12, 2025. Plaintiff directly requested proof of service, including any email confirmation from the court or tracking details. Defendant failed to provide documentation or verification, instead assuring Plaintiff that all parties had been served.

20. Defendant Ticatch then sent an email with attachments, expecting Plaintiff to download them from the opposing party, while falsely stating, "Sending for the third time."

21. Despite having real-time access to PACER and CM/ECF, which showed no record of service, Defendant Ticatch continued to affirm that service had been completed. Additionally, he received instant notification of an undelivered email from the misspelled address he used when filing the Certificate of Service on February 12, 2025.

22. Defendant Ticatch made this misrepresentation on behalf of and in the course of his legal representation of Defendant American Airlines. Plaintiff, relying on Ticatch's statement, assumed that all co-plaintiffs had been formally served and that responses could be coordinated after the weekend.

23. Defendant American Airlines, through its counsel, failed to ensure that service had been properly effectuated before asserting compliance. Plaintiff only received formal service from the court on February 18, 2025.

24. Even if Defendant Ticatch's misrepresentation resulted in only a one-day delay, the failure to correct the record materially impacted Plaintiff's ability to prepare a timely response. The court calculated Plaintiff's 14-day response deadline from February 12, 2025, despite Plaintiff not receiving formal service until February 18, 2025.

25. As Ticatch's client and the primary defendant, American Airlines is liable for the misrepresentation made by its attorney. Defendants Ticatch and American Airlines' conduct constitutes fraudulent misrepresentation and an abuse of process.

26. The judge in that case does not allow extensions except with formal filing requests.

27. **FRAUD 2**

28. **FEBRUARY 18, 2025: DEFENDANTS' MISREPRESENTATION & OMISSION**

29. Between February 13 and 18, 2025, Plaintiff Tala Josephano justifiably relied on Defendant Ticatch's assurance that service had been completed on February 12, 2025. Believing all co-plaintiffs had been served, Plaintiff delayed necessary actions and made decisions based on this misrepresentation.

30. By February 18, 2025, Plaintiff had still not received the mailed service that Defendant Ticatch claimed was sent on February 12, 2025. Initially attributing the delay to postal issues, Plaintiff took no immediate action. However, upon learning

that co-plaintiffs Feras Hindi and Samiha Ayyash had also not been served, she

sought to verify service directly.

31. At 1:30 PM (VA Time), February 18, 2025, Plaintiff called Defendant Ticatch's

office requesting proof of service. The secretary failed to provide verification over

the phone. Following the call, Plaintiff emailed Defendant Ticatch, again

requesting tracking information or proof of service.

32. In response, Defendant Ticatch misrepresented in his February 18, 2025, email

that he had served Plaintiff and all co-plaintiffs by both email and mail on

February 12, 2025. However, in the same email, Defendant undermined his own

statement, admitting that no tracking number was used and implying that Plaintiff

had a responsibility to retrieve filings herself.

33. Defendant Ticatch's email stated:

34. *"I understand you are pro se and the court process is not necessarily easy*

*to understand. We filed and served you by email and first-class mail along*

*with the rest of the plaintiffs on February 12… so even if you somehow did*

*not receive the email or mailed copies, you could have simply downloaded*

*it from PACER. We are not required to serve with a tracking number, and*

*we did not do so. "If you have not done so already, I would suggest you*

*sign up for electronic noticing, so that you do not have this problem each*

*and every time we file something."*

35. Despite certifying service via electronic mail on February 12, 2025, Defendant Ticatch's own email contradicts his prior representation, suggesting that Plaintiff may not have received service at all and shifting responsibility onto Plaintiff to retrieve filings she was never properly notified of.

36. Defendant Ticatch's misrepresentation directly harmed Plaintiff by causing undue stress, wasted time, and financial burden. Plaintiff relied on the misrepresented assurance and expended resources preparing based on inaccurate information. The confusion and delayed confirmation forced Plaintiff to take additional corrective measures, increasing costs and mental distress.

37. **FRAUD 3 & Abuse Of Process 1**

38. **FEBRUARY 20 2025**

39. By February 20, 2025, Defendants had still not served any plaintiff on February 12, 2025, despite repeated assurances from Defendant Ticatch. Plaintiff Tala Josephano requested that he correct the service record, but Defendant Ticatch deliberately ignored multiple follow-up emails for days.

40. Instead of addressing the misrepresentation, Defendant Ticatch filed a Meet and Confer Motion and a Motion to Amend American Airlines' Motion to Dismiss, without responding to Plaintiff, demonstrating that the filings were a pretext rather than a genuine legal step.

41. On the same day, Gulf Air also filed an invalid Meet and Confer Motion, confirming a coordinated effort to delay proceedings and manipulate procedural requirements.

42. "Rather than addressing the fraudulent Certificate of Service, Defendant Ticatch filed a Meet & Confer motion without consulting Plaintiff, securing a procedural ruling that obstructed her ability to correct the record. This was not a routine litigation maneuver but an intentional tactic to cement the fraudulent misrepresentation into the court's procedural framework, preventing Plaintiff from seeking timely default judgment. By securing a hearing on the defective Meet & Confer motion before Plaintiff had a chance to challenge service, Defendants effectively blocked her from asserting her legal rights and forced her to litigate based on a false procedural record."

43. **Abuse Of Process 2**

44. **February 24 2025**

45. Between February 20 and February 24, 2025, Defendant Ticatch ignored multiple emails from Plaintiff Tala Josephano, refusing to respond or acknowledge Plaintiff's concerns about Defendants' misrepresentation in the Certificate of Service.

46. Additionally, Defendant Ticatch failed to contact any co-plaintiffs, despite being instructed by the court to do so before filing. Rather than following the judge's standing order to individually consult with each plaintiff before submitting motions, Defendant proceeded unilaterally, ensuring that neither Plaintiff nor the co-plaintiffs were properly engaged in the required process.

47. On February 24, 2025, after four days of ignoring Plaintiff's emails, Defendant Ticatch finally responded via email. Instead of addressing the misrepresentation

in the Certificate of Service, Defendant attempted to shift the burden onto Plaintiff by encouraging her to request an extension rather than correcting his own procedural violations.

48. In his email, Defendant Ticatch acknowledged that the judge required a formal request for an extension, yet refused to take responsibility for the procedural errors Defendants had committed. By doing so, Defendant sought to manipulate Plaintiff into legitimizing a procedural defect rather than addressing the fraudulent service certification & Misrepresentation

49. By ignoring all emails from February 20 to 24 and failing to contact plaintiff as required, Defendant Ticatch deliberately obstructed the required procedural process, reinforcing his intent to evade accountability for Defendants' misrepresentation.

50. Furthermore, Defendant Ticatch's told the Plaintiff if she wants to file for an extension instead of addressing Defendants' procedural violations served only to delay the case and protect American Airlines' interests. This delay ensured that American Airlines and Gulf Air's codeshare renewal proceeded without immediate legal scrutiny, while forcing Plaintiff into unnecessary procedural maneuvers that diverted attention away from the misrepresentation issue.

51. Defendant's failure to engage with  plaintiffs as required, refusal to correct their misrepresented Certificate of Service, and deliberate strategy of shifting procedural burden onto Plaintiff constitute intentional misrepresentation, omission, and abuse of process

52. Between February 24 and March 5, 2025, Defendants escalated their misconduct, not merely to delay proceedings but to suppress Plaintiff's ability to hold them accountable. Defendants exerted influence over judicial scheduling, ensuring that their procedural violations remained unchallenged while simultaneously shielding American Airlines from scrutiny.

53. On February 24, 2025, Co-Plaintiff Feras Hindi filed for entry of default against Defendants due to their failure to properly serve Plaintiffs; On February 27, 2025, Co-Plaintiff Samiha Ayyash also filed for entry of default, reinforcing that Defendants had failed to comply with service requirements; On February 28, 2025, Plaintiff Tala Josephano submitted a formal request for a hearing to address the service defects. By this time, Defendants were fully aware that two default entries ad a hearing request had been filed

54. Rather than correcting the misrepresentation in the Certificate of Service or addressing their violations of service obligations, Defendant Ticatch deliberately obstructed Plaintiff's efforts to take corrective action. He intentionally suppressed Plaintiff's ability to respond effectively by manipulating court procedures as a weapon against her, knowing the increased burden would drain her resources, time, and mental well-being.

55. Defendants' actions were not mere litigation tactics; they directly impacted Plaintiff's personal and financial stability. The stress, uncertainty, and emotional toll of being forced into unnecessary legal maneuvers directly harmed Plaintiff's ability to focus on her life, personal responsibilities, and financial well-being.

56. At all relevant times, Defendant Ticatch acted on behalf of Defendant American Airlines, ensuring that the airline's interests remained protected while Plaintiff was left struggling with the burdens of Defendants' calculated deception. Defendant American Airlines was fully aware of these abuses and failed to intervene, instead benefiting from the suppression of Plaintiff's efforts to expose the truth.

57. The result of Defendants' actions was not just legal frustration but an orchestrated campaign to suppress Plaintiff's rights, wear her down, and force her into an impossible position where she was overwhelmed with unnecessary burdens—all while Defendants strategically evaded scrutiny and accountability.

58. **ABUSE OF PROCESS 3**

59. **MARCH 4 2025 Defendants Submitted Opposition to Co-Plaintiffs Motion to Entry to Default.**

60. **Defendants Contradictory Statements on Service Dates**.

61. Only after Co-Plaintiffs Feras Hindi and Samiha Ayyash filed a Motion for Entry of Default, Defendant Micah Ephram Ticatch, counsel for Defendant American Airlines, submitted an Opposition through the CM/ECF system in the U.S. District Court for the District of Columbia (D.D.C.), deliberately timing the filing to block Co-Plaintiffs in Feras & Samiha Entry to Default

62. This Opposition was not filed to remedy any procedural defects or provide a legitimate defense. Instead, it was a calculated maneuver to obstruct judicial review, delay entry of default, and manipulate the court into accepting a procedurally defective service record. This filing was part of a

coordinated effort to suppress Co-Plaintiffs' ability to obtain relief, submitted immediately before Defendants secured an improperly granted Meet & Confer order on March 6, 2025.

63. Rather than correcting the record or seeking leave to amend the Certificate of Service, Defendant Ticatch deliberately continued to rely on the February 12, 2025, service date—despite contradicting this claim in later filings and communications. This ensured that the court proceeded under a false assumption of compliance, reinforcing Defendants' procedural advantage.

64. In the Opposition, Defendant Ticatch deliberately manipulated procedural rules to fabricate the appearance of compliance, knowingly asserting that a single Pro Se Plaintiff's consent applied to all Plaintiffs. This was an intentional exploitation of court procedure, calculated to obscure Defendants' failure to properly serve all Plaintiffs and prevent judicial scrutiny of their procedural violations.

65. Despite knowing that the Certificate of Service misrepresented the dates and had been contradicted by their own later statements, Defendants refused to amend the record or correct the procedural error. Instead, they allowed the false filing to stand, fully aware that this would obstruct default proceedings and shield them from judicial scrutiny.

66. **Misrepresentation of the February 13, 2025, Phone Call**

67. In the Opposition, Defendant Ticatch deliberately misrepresented the nature of his February 13, 2025, phone call with Plaintiff Tala Josephano, falsely describing it as "extensive" to create the impression that a substantive discussion of the Motion to Dismiss took place.

68. This misrepresentation was strategic, as the call was brief, dominated by Defendant Ticatch's interruptions, and devoid of any meaningful discussion of the Motion to Dismiss or the Preliminary Injunction (PI) motion. Instead, Defendant Ticatch used the call to threaten Plaintiff with attorneys' fees should she proceed with additional filings.

69. In the Opposition, Defendant Ticatch falsely asserted that he "believed" service to Co-Plaintiffs was effectuated through a joint email, despite knowing that Co-Plaintiff Samiha Ayyash had separate claims, separate legal standing, and had never consented to electronic service. Defendants choose displaying a laughable incompetence to defend alleged misrepresentation.

70. Defendant Ticatch's Opposition directly contradicts his prior statements to Plaintiff Tala Josephano, exposing a deliberate effort to manipulate procedural records. While he repeatedly certified that all Plaintiffs were served on February 12, 2025, he later admitted to mailing Plaintiff Tala a "copy" separately—an action that directly undermines his claim that service was completed on February 12.

71. If service had truly been effectuated on that date, there would have been no need to mail an additional copy. Plaintiff Tala did not receive any mailing until February 25, 2025, further disproving Defendant Ticatch's assertion that service was completed within the required timeframe.

72. Defendant Ticatch's calculated misrepresentation in the Opposition led the court to disregard Plaintiff Tala's pending request for a hearing on the defective Certificate of Service. This directly deprived her of the opportunity to correct the record before further procedural rulings. By falsely creating the appearance that service concerns had been resolved, the court improperly granted a Meet & Confer order, securing procedural relief for himself while ensuring that his misconduct remained unchallenged. This granted Defendant an unjust opportunity to amend his claims while simultaneously obstructing Plaintiff Tala's ability to address the procedural defects that had already disadvantaged her

73. This was not an oversight—it was an intentional deception designed to obscure Defendant's failure to serve all Plaintiffs. Defendant knew that Co-Plaintiffs Feras Hindi and Samiha Ayyash had never been served, yet he assured Plaintiff Tala that service was completed. By reinforcing this false claim, Defendant ensured that Plaintiff Tala remained unaware of the issue until it was too late to take timely corrective action.

74. As a result, Plaintiff Tala suffered additional financial and emotional damages due to Defendant's abuse of process and intentional misrepresentation.

75. **ABUSE OF PROCESS  5**

76. **MARCH 6 2025**

77. Plaintiff Tala Josephano, a pro se litigant, is engaged in litigation against American Airlines and Gulf Air, two corporations represented by experienced legal counsel. Unlike Defendants, who have unlimited

resources and legal teams, Plaintiff is litigating without representation, making her particularly vulnerable to misrepresentation and deceptive tactics intended to obstruct her ability to defend her claims.

78. For over two years, Gulf Air (Co-Defendant in Case 1:24-cv-03434) has engaged in a documented pattern of harassment and suppression against Plaintiff. Defendant American Airlines, through its attorney Micah Ephram Ticatch, has now adopted similar tactics, using misrepresentation to deceive Plaintiff about service completion and obstruct her ability to challenge the false record.

79. On March 6, 2025, Plaintiff Tala Josephano emailed Defendant Ticatch in his capacity as legal counsel for American Airlines, seeking clarification on misrepresentations in the submitted Opposition.

80. Rather than responding directly, Ticatch carefully crafted his replies to be evasive, attempting to maneuver Plaintiff into statements that could later be used against her in litigation taking advantage of her lack of legal knowledge.

81. Recognizing the deception, Plaintiff called Ticatch directly to confront him about the false claims regarding service. This was not a casual discussion—it was a pro se litigant demanding accountability for a legal representative's misrepresentations that affected her ability to defend her case

82. He falsely assured Plaintiff that "the judge doesn't care about the Certificate of Service or the defaults," misleading her into believing that challenging the service failure was futile.

83. He framed his statements as certain outcomes—not legal predictions—falsely portraying the judge's stance to obstruct Plaintiff's ability to seek judicial review.

84. He insisted that the Meet & Confer hearing would be scheduled—before the order was even issued—reinforcing his misrepresentation that Plaintiff's challenges to service defects were meaningless and would not be considered.

85. This confirms that Ticatch's statements were not speculative but were part of a deliberate misrepresentation strategy designed to suppress Plaintiff's objections to the fraudulent service record. By misleading Plaintiff into believing the issue was already decided, he attempted to prevent her from protecting her claims.

86. This was not an isolated event. Prior to this, Ticatch had twice attempted to mislead Plaintiff into not responding to the Motion to Dismiss—both verbally and in writing. He knowingly exploited Plaintiff's pro se status and financial constraints, understanding that delays would pressure her into abandoning her claims. By misrepresenting the service completion and discouraging Plaintiff from contesting it, Ticatch ensured that Defendants could evade accountability for the false record.

87. Surely enough on March 6 2025 **Deputy Alexander Burton**—from another judge's chamber—issued an order scheduling the Meet & Confer hearing, exactly as Ticatch had assured Plaintiff. Plaintiff can show evidence of the improper interference by Alexander.

88. **Justifiable Reliance & Inducement of Procedural Inaction**

89. As a pro se litigant without access to independent verification, Tala had no alternative but to rely on Defendants' assurances. Defendants controlled the procedural record, had exclusive knowledge of service defects, and withheld material information that would have allowed her to challenge the defective service.

90. Tala justifiably relied on Defendants' misrepresentations This reliance locked her into a misrepresented timeline, placing her at a strategic disadvantage and directly causing financial and emotional damages.

91. The delayed litigation benefited American Airlines and Gulf Air by preventing regulatory scrutiny into their codeshare renewal and FAA compliance failures.

92. But for Defendants' intentional misrepresentation and abuse of process, Plaintiff would not have suffered financial losses, emotional distress, or the loss of critical legal opportunities. Defendants knowingly misrepresented service completion, reinforcing false claims to induce Plaintiff into inaction. As a direct and foreseeable result:

93. Plaintiff incurred out-of-pocket expenses due to Defendants' misrepresentation, as she was forced to respond to misleading service claims and take corrective action that would not have been necessary had Defendants disclosed the truth.

94. Plaintiff suffered emotional distress due to Defendants' deliberate deception, which caused unnecessary uncertainty and legal disadvantage.

95. Plaintiff was deprived of the opportunity to seek timely default judgment, a remedy that was obstructed through Defendants' misrepresentation of service completion

96. Defendants' false assurances ensured that by the time Plaintiff discovered the misrepresentation, she had already lost the ability to take timely legal action, making it significantly harder to assert her rights and recover damages.

97. Had Defendants accurately disclosed the incomplete service and not engaged in deceptive tactics, Plaintiff would have immediately pursued available legal remedies, preserved strategic legal options, and avoided unnecessary financial and emotional harm. Instead, Defendants' fraudulent misrepresentation misled Plaintiff into relying on false information, which directly resulted in financial loss and emotional distress.

98. **HARM CAUSED BY DEFENDANTS' FRAUD & ABUSE OF PROCESS**

99. TThe harm in this case is not about the ultimate outcome of the original litigation but rather the direct financial, emotional, and personal damages caused by Defendants' fraudulent misrepresentations and abuse of process.

100.   As a direct and foreseeable result of Defendants' intentional misrepresentations:

101.   Lost Professional Income: Plaintiff was forced to allocate significant work hours to correcting Defendants' fraudulent misrepresentations, drafting responses, and researching legal solutions—time that otherwise would have been spent on income-generating work.

    a.  Estimated financial loss: Around 200 hours at $25/hour, reflecting

        industry-standard compensation for legal drafting and research).

102.    Unnecessary Financial Expenditures: Plaintiff incurred $2,500 in legal

        resources and writing assistance costs to address filings affected by Defendants'

        fraudulent misrepresentations.

103.    Increased Psychological Distress: Defendants' deliberate deception

        intensified Plaintiff's anxiety, stress, and exhaustion, significantly worsening her

        mental health.

104.    Emotional Harm Due to Betrayal of Trust: Plaintiff, relying on Defendants'

        false assurances, structured her actions based on incorrect information, leading

        to prolonged stress and hardship.

105.    Deterioration of Health: The emotional and financial strain from Defendants'

        deception caused severe sleep deprivation, loss of concentration, and

        heightened anxiety.

106.    Foreseeable Mental Harm: Defendants knew or should have known that

        misleading Plaintiff would cause significant emotional harm, knowing she was a

        pro se litigant with limited legal resources.

107.    Diverted Resources: Plaintiff had to redirect significant time and effort away

        from professional obligations and personal responsibilities to address the

        misrepresentation, causing substantial disruption and financial hardship.

108.    Had Defendants Not Engaged in Fraudulent Misrepresentation and Abuse of

        Process:

8. Plaintiff would not have suffered financial harm through lost billable hours and unnecessary expenditures.

9. Plaintiff would not have endured prolonged emotional distress from being deliberately misled.

10. Plaintiff's professional stability would not have been disrupted by Defendants' intentional deception.

**FIRST CAUSE OF ACTION**

Fraudulent Misrepresentation

1) Defendants made a statement of existing fact; on February 13 2025 Verbally, February 18 2025, February 20 2025

2) that fact was material in nature;

3) the statement about the fact was false;

4) The Defendants knew it was false;

5) Plaintiff did not know the statement was false; and even after the truth was revealed, Defendants refused to amend the Certificate of Service and dismissed concerns about the misrepresentation.

6) The Defendants wanted Plaintiff to rely on their statement;

7) Plaintiff had a right to rely on the statement;

8) Plaintiff did rely on the statement; and

9) Plaintiff was damaged as a result of relying on the statement. the plaintiff *relied* on the defendants' misrepresentations and that this reliance *caused* specific, identifiable harm.

**SECOND CAUSE OF ACTION**

**Abuse Of Process**

**Improper Use of Process:**

The Defendants did not use the legal processes (Certificate of Service, Opposition, Meet and Confer motion) for their intended, legitimate purposes, but instead used them for an improper purpose – to gain a strategic advantage in the litigation by obstructing Plaintiff's ability to effectively pursue her claims.

**Ulterior Motive or Improper Purpose:**

The defendants had an ulterior motive or acted with an improper purpose in using the legal process and attempted coercion

**Willful Act:**

The Defendants engaged in willful acts in the use of legal processes that were not proper or legitimate in the regular conduct of the proceeding. These acts deviated from established legal procedures and standards of conduct.

**Harm to the Plaintiff:**

The plaintiff suffered harm as a result of the defendants' misuse of the legal process. This includes financial loss, emotional distress, damage to the underlying case, and other forms of harm.

**THIRD CAUSE OF ACTION**

Fraudulent Inducement

A false statement is made with the specific intent to cause Plaintiff Tala to act (or not act) in a certain way. Plaintiff Tala  took actions based on the misrepresentation

The action caused her harm as Defendants misrepresented statements were not just errors they were made to prevent Plaintiff from filing a motion for default judgment or objecting to procedural defects .

## Relief Requested

**1. Compensatory Damages:** Defendants shall pay $75,000 in compensatory damages for financial losses directly caused by fraudulent misrepresentation, including  costs incurred due to reliance on Defendants' false statements.

**5. Punitive Damages (To Deter Future Misrepresentation & Procedural Misconduct):** Defendants shall pay punitive damages due to their willful, knowing, and malicious misrepresentation

**7. Pro Se Litigation Support Fund Contribution:** To support access to fair legal proceedings for unrepresented litigants, Defendant American Airline shall contribute **$5,000,000** to the D.C. Pro Se Litigation Assistance Program.Defendant's misconduct exploited a pro se litigant's lack of access to procedural resources, warranting a court-directed contribution to enhance fairness in legal access.

**8. Leave to Amend:** Plaintiff shall be granted leave to amend claims to fully address procedural fraud and damages caused by Defendants.

**9. Any Further Relief:** The Court may grant any additional relief deemed necessary to uphold fairness and accountability in these proceedings.

March 10, 2025

Pro SE Plaintiff

Tala Josephano

615 S Catalina Ave #233

Redondo Beach, CA 90277

347-749-4980

Josephanotala@gmail.com