# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **Tala Josephano** | ) | |
| Plaintiff**,** | ) | **Case : 1:25-CV-00753** |
| **American Airlines, INC. ,** | ) | |
| **MICAH E. TICATCH** | ) | |
| Defendants | ) | |
| | ) | |

**MOTION REQUEST REASSIGINING OF CASE 1:25-CV-00753 TO ANOTHER FEDERAL JUDGE**

Plaintiff Tala Josephano respectfully moves the Court to reassign this matter to the originally assigned judge, Hon. Reggie B. Walton, on the grounds of procedural prejudice, irregular reassignment, and early acts of judicial bias. This motion is not a request for recusal at this stage but for reassignment based on foundational fairness, docket handling, and due process considerations. Plaintiff will file recusal if the Judge doesn't reassign it.



**RECEIVED**

JUN 10 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## **BACKGROUND**

On March 14, 2025, Plaintiff Tala Josephano filed a civil complaint in the U.S. District Court for the District of Columbia against American Airlines, Inc. and its counsel Micah E. Ticatch, alleging claims arising from the defendants' conduct in connection with a separate federal proceeding. The complaint included a jury demand and was accompanied by the required civil cover sheet and filing fee. [Dkt. 1]

Although the docket initially noted that summonses were not issued, on the same day — March 20, 2025 — summonses were issued for both named defendants, American Airlines and Mr. Ticatch. [Dkt. Entry 03/20/2025]. On March 20, 2025, this case was reassigned to Judge Ana C. Reyes under "related case." without any party request. Plaintiff respectfully questions the propriety of this reassignment, as it only occurred after Plaintiff contacted the Clerk's Office to request that the case be docketed. Plaintiff previously raised concerns regarding Mr. Paterson, the case manager, alleging negligence and irregularities in the docketing process that appeared to benefit Defendants that was reported multiple times to the court in case 1:24-cv-03434 and wasn't addressed.

Despite Plaintiff's request, Judge Reyes declined to investigate or address these concerns. Plaintiff is concerned that these circumstances reflect broader issues within the court's administrative processes that affect the impartial administration of justice. As a result, the matter was removed from the docket of the originally assigned judge, Judge Reggie B. Walton, without a motion from the parties or independent judicial findings on relatedness. [Dkt. 2]. This procedural history is part of Plaintiff's motion for reassignment and related relief, particularly in

light of conduct by the reassigned judge during proceedings in the related matter, *Ayyash v. American Airlines*, Case No. 1:24-cv-03434.

## LEGAL STANDARD

Courts consider three principal factors in deciding whether to order reassignment of a case:

1. Whether the original judge would reasonably be expected, upon remand, to have substantial difficulty putting out of mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected.
2. Whether reassignment is advisable to preserve the appearance of justice.
3. Whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Actual bias is not required; an appearance of bias is sufficient to justify reassignment. See United States v. Wolff, 127 F.3d 84, 88 (D.C. Cir. 1997) (quoting United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977) (en banc) (per curiam)); Microsoft, 56 F.3d at 1463. Plaintiff respectfully submits that reassignment is warranted in this case to preserve the appearance of justice. Specifically, Plaintiff is concerned about the impartiality of the proceedings due to irregularities in case management and judicial conduct and conflict of interest

## ARGUMENT

### 1. Improper Judicial Intervention and Premature Adjudication in a Separate Case

During a pre-motion hearing in *Ayyash v. American Airlines Inc.*, Case No. 1:24-cv-03434, held on March 28, 2025, counsel for American Airlines, Mr. Micah Ticatch, informed the Court that a separate case had been filed by Plaintiff Tala Josephano, stating: *"Your Honor, I have been alerted that one of the plaintiffs in this case has filed a lawsuit against me, personally, and my client American Airlines…"* (Ex. 1, Transcript, p. 11). Plaintiff immediately clarified that the

new case was unrelated and directed personally at Mr. Ticatch: *"This is a different case. This has nothing to do with —"* (Ex. 1, p. 12). *"…it's against him personally, it's not against the defendants in this case."* (Id. at 13).

Nonetheless, the Court declared that the second case had already been assigned to her, describing it as "related" under local rules, and asserted: *"It is my case."* (Ex. 1, p. 13). Without formal service having occurred, and despite Plaintiff's clear objection from shifting the hearing to unserved second case — *"But it wasn't served on him yet. I haven't served him yet because I plan to hire a lawyer for it."* (Id.) — the Court unilaterally declared service complete, stating: "Mr. Ticatch, you've officially been served. I just served you." (Ex. 1, p. 13–14). Plaintiff immediately objected, reiterating her intent to amend and seek counsel: *"But I'm going to amend the claim, I'm not ready to submit the claim as it is."*
 *"How can you serve him on me if I have a lawyer, I want to get a lawyer for it."* (Id. at 14).

The Court, having declared service and accepted the case sua sponte, then instructed defense counsel: *"After you get served with a complaint, file your motion… we will get that taken care of as well."* (Id. at 15). *"Don't — you don't need a PMC in this one, just file your motion."* (Id. at 15). The Court's conduct in personally effectuating service, then immediately inviting a motion to dismiss, followed by a comment indicating it would be "taken care of," establishes the appearance that the outcome of the second case was prejudged and in full support to American Airlines

This constitutes a clear procedural irregularity and a breach of neutrality. Rule 4(c) of the Federal Rules of Civil Procedure authorizes only plaintiffs or designated individuals (such as U.S. Marshals) to serve the process—not the Court itself. Furthermore, by declaring service and

inviting a dismissal in a case where Plaintiff had not completed service and intended to amend, the Court violated Plaintiff's rights under due process. The way the Judge within seconds after reading the case decided that it had no merit, the hearing felt as if it was prestaged where the Judge was eager to dismiss both cases.

This incident, as further detailed in Exhibit 2 (Plaintiff's Judicial Notice), underscores a pattern of judicial bias and improper intervention, warranting reassignment of the matter under principles of impartiality and judicial conduct.

### 2. Improper Judicial Advice Discouraging Law Enforcement Involvement

During the same March 28, 2025 hearing in *Ayyash v. American Airlines*, Plaintiff Tala Josephano expressed her intent to pursue accountability through appropriate criminal or civil enforcement channels, stating: *"I'm actually thinking of filing criminally on you, just so you understand the position we're in…"* (Ex. 1, Transcript, p. 14).

When clarified that she meant filing a police report, not a criminal charge herself, she said: *"That's what I — filing a police report. That's what I meant. Not filing criminal charges…"* (Id. at 14). Rather than treating Plaintiff's lack of legal terminology usage and intent as a lawful and independent course of action, the Court immediately discouraged it, stating: "Well, you file the police report and it will go absolutely nowhere." (Id. at 14).

This unsolicited statement from the bench undermined the Plaintiff's legal right to report misconduct to law enforcement and created an appearance of judicial disapproval for pursuing external remedies. It effectively conveyed that the Court would not credit or recognize any findings or actions taken outside its own forum.

Such a comment is improper and contrary to judicial neutrality, especially where the plaintiff is

pro se and raising concerns about potential misconduct. It may have a chilling effect on the Plaintiff's right to report wrongdoing to appropriate authorities, raising serious concerns about impartiality.

### 3. Threats of Sanctions Intended to Deter Plaintiff from Reporting Misconduct

Immediately following Plaintiff's clarification about filing a police report, the Court issued an explicit warning: "All right. I'm not going to have you harass the lawyer. If I start seeing that you're harassing the lawyer, there are going to be consequences. All right?" This is followed immediately by: "Well, you file the police report and it will go absolutely nowhere. And if I find that Mr. Ticatch is getting harassed by you, I have all the power in the world to impose —"

These two lines together form a clear judicial warning—implying consequences (possibly sanctions) for what the judge *perceives* or anticipates as harassment, even before any misconduct occurred. (Ex. 1, p. 14). The context of this statement—coming directly after Plaintiff mentioned filing a police report—created a clear and intimidating linkage between exercising her legal rights and facing judicial sanctions.

Together with the judge's prior intervention to effect service and prejudge the outcome of Plaintiff's separate case, this exchange further evidences judicial bias, intimidating, hostile and coercive tone, undermining the appearance and reality of a fair proceeding

### 4. Potential Conflict of Interest Warranting Reassignment

Judge Ana C. Reyes previously worked as a partner at Williams & Connolly LLP. That firm has represented Airlines for America (A4A), an airline lobbying group whose board includes the CEO of Defendant American Airlines Inc. A4A has lobbied on key legislative issues that directly

impact this case, including codeshare reform and FAA reauthorization. Given this connection, there is a potential conflict of interest or at minimum the appearance of one. Plaintiff respectfully seeks reassignment to avoid any doubt about impartiality.

Plaintiff respectfully notes that Judge Reyes cannot reasonably claim that these cases are "related" for purposes of judicial efficiency, while simultaneously declining to address the very procedural issue at the heart of both: the misrepresentation of compliance. In the other case 1:24-cv-03434, the Court refused to strike or investigate the Certificate of Service—nor did it request correction—despite clear inconsistencies and Plaintiff's objections. While such a document may appear minor to the Court, it is in fact central to the claims in the second case, where Plaintiff alleges that American Airlines submitted a misrepresented Certificate of Service and abused the process. One of the core allegations in that case is fraud. The failure to scrutinize irregularities within chambers and intake creates the impression that the Court aligns with the Defendant's position and irregularities procedures. Plaintiffs will not risk continuing before a judge who has already demonstrated selective scrutiny and showed bias.

It is clear from the start why both cases has landed in this court, followed by the intake and the Judge's chamber staff that all seem like working for American Airlines and Gulf Air. The judge forgot she's a judge and is acting as defense lawyer for Defendants. At this stage Plaintiff doesn't really care for the judge using her " POWER" as she threatened to impose sanctions or even issue an arrest warrant. The plaintiff has already reported the judge to the  right entities.  The plaintiff already reported American Airlines as well. It's not about the case anymore, it's about how a judge can be so obviously biased just because Plaintiff has no lawyer, or because Judge has her own biased views or any other reason that investigation will clear, in any case scenario, this is not expected from a Federal Judge that works for the People.

Even if the harassment to the Plaintiff is from Gulf Air and the Jordanian Government, American Airlines is benefiting from it and relying on the judge. Everyone is benefiting except for the public, Justice and the bullied Pro Se Plaintiffs.

## **CONCLUSION**

The judge has left no room for accepting to be in her court room, clear signs of biased, approval of dockets and chambers misconduct and refusal to investigate the constant harassment by Defendant Gulf Air and American Airlines by association. Five star services have been given to Defendants by the intake, chambers, the Judge and whomever is silent in the government allowing them. The judge must reassign the case to prevent Recusal requests on her records. Plaintiff is in DC if the Judge wants to move forward with her threats and " consequences" as Plaintiff is now without home due to Gulf Air harassment and physical threat. Plaintiff will no longer entertain " second chances" or allow this what is bordering on cover ups and abuse of power.

Submitted,

June 10 2025

**Pro Se Plaintiff**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980

## CERTIFICATE OF SERVICE

I hereby certify that on June 10 2025, Plaintiff Tala will be sending a true and correct copy of the following documents to be served upon the parties listed below:

Motion to Reassign judge Motion & Exhibits

1-Defendant American Airlines, Inc. Micah E. Ticatch 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182 . Method of Service: Email

2- Defendant American Airlines CORPORATION SERVICE COMPANY 1156 15TH STREET, NW SUITE 605 Washington DC 20005. Processor Server

Submitted,

June 10 2025

**Pro Se Plaintiffs**

Tala Josephano
615 S Catalina Ave #233
Redondo Beach CA 90277
347-749-4980