# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TALA JOSEPHANO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-753-ACR |
| ) | |
| AMERICAN AIRLINES INC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Micah E. Ticatch, DC Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com
*Counsel for American Airlines Inc.*

Edward Lee Isler, DC Bar No. 417076
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
eisler@islerdare.com
*Counsel for Micah E. Ticatch and American Airlines, Inc.*

In her Complaint (Dkt. 1), Plaintiff Tala Josephano ("Ms. Josephano") asserts claims of fraudulent misrepresentation, abuse of process, and fraudulent inducement against Defendants American Airlines Inc.("American Airlines") and its counsel, Micah E. Ticatch. The entire basis for those claims are: (i) a Certificate of Service attached to a motion to dismiss filed in another lawsuit; and (ii) subsequent statements made by counsel to Ms. Josephano in that other lawsuit representing that the motion to dismiss was properly served on her.

For the reasons explained below, the claims in the Complaint are baseless and should be dismissed with prejudice.

## **BACKGROUND**[1]

1.    On December 10, 2024, Samiha Ayyash and Feras Hindi initiated a claim in this Court, Case No. 1:24-cv-3434-ACR against American Airlines and Gulf Air B.S.C ("*Ayyash*"). On December 31, 2024, Plaintiff Tala Josephano was added as an additional plaintiff in *Ayyash* by an Amended Complaint. (*See Ayyash*, Dkt. 2.)

2.    On January 8, 2025, Ms. Josephano filed a Pro Se Consent to Receive Notices of Electronic Filing in *Ayyash*. (*Id.*, Dkt. 3.) By providing the form, Ms. Josephano indicated, "I understand that I waive my right to receive service of documents by first class mail." (*Id.*)

3.    American Airlines was served with the Amended Complaint in *Ayyash* on January 22, 2025, with a response due on February 12, 2025. (*Id.*, Dkt. 4.)

---

[1] In light of the standard of a motion to dismiss, this section presents the facts as alleged in the Complaint and those that are available in the public record. *See, e.g., Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 788-89 (D.C. Cir. 2019). Defendants note that a number of allegations in the Complaint are inaccurate, including gross mischaracterizations of Counsel's oral conversations with Ms. Josephano. Defendants reserve the right to contest the alleged facts, if necessary, in any future pleadings.

1

4. Mr. Ticatch is counsel to American Airlines in the *Ayyash* matter. On February 12, 2025, Mr. Ticatch timely filed a Notice of Appearance, Corporate Disclosure, and Motion to Dismiss ("Initial *Ayyash* Motion to Dismiss") on behalf of American Airlines. (*Id.*, Dkts. 6 - 8.)

5. Although not required by the Rules (*see* FRCP 5(d)(1)(B)), the pleadings contained a certificate of service that stated:

> I hereby certify that on the 12th day of February 2025 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will also serve a copy of the foregoing via electronic mail upon the following:
>
> Tala Josephano
> 615 Catalina Ave, #233
> Redondo Beach, CA 90277
> joesphanotala@gmail.com
> *Pro Se Plaintiff*
>
> Samiha Ayyash
> Feras Hindi
> 7823 New London Dr,
> Springfield, Fairfax
> VA 22153
> 703-980-6955
> ayyashsamiha@gmail.com
> *Pro Se Plaintiffs*

6. Because Ms. Josephano was a registered user of the Court's electronic filing system, service was complete under the Rules upon the filing of those pleadings. *See* FRCP 5(b)(2)(E). Nonetheless, consistent with the certificate of service, Mr. Ticatch also attempted to serve a courtesy copy by email on the same day as the filing[2], and did serve an additional copy of the pleadings through first-class mail on the following day, February 13, 2025.

---

[2] According to the Complaint in the instant case, the attempt to serve by email was unsuccessful because of a typographical error in the email address. (*See* Complaint ¶ 13.)

7. In her Complaint, Ms. Josephano acknowledges that she "became aware of the [Initial *Ayyash* Motion to Dismiss] on February 13, 2025, and discussed the matter with Mr. Ticatch that same day." (Complaint ¶ 17.) Ms. Josephano also admits to receiving copies of the pleadings, at least by February 18, 2025. (*Id.*, ¶ 23.)

8. On February 18, 2025, Mr. Ticatch specifically offered to agree to an extension for Ms. Josephano's response to the Initial *Ayyash* Motion to Dismiss. (*Ayyash*, Dkt. 27-1 at 3 of 4.) Even in the unlikely scenario where Ms. Josephano did not receive a copy of the Initial *Ayyash* Motion to Dismiss until February 18,[3] an extension of her deadline to file an opposition would seemingly alleviate any possible issue that could have been created by any alleged delay in her receipt of the pleadings.

9. On February 20, 2025, Mr. Ticatch became aware that Judge Reyes, who had been assigned to *Ayyash*, had a Standing Order in Civil Cases. The Standing Order required parties wishing to file dispositive motions to first request a Pre-Motion Conference with the Court before filing a motion. *See* Standing Order 7(f). On the same date, Mr. Ticatch, on behalf of American Airlines, filed a Notice Requesting Motion Conference ("Conference Request") seeking permission to file a motion to dismiss the *Ayyash* plaintiffs' claims. (*Ayyash*, Dkt. 14.)

10. The filing of the Conference Request mooted the Initial *Ayyash* Motion to Dismiss and obviated any need for Ms. Josephano to file an opposition to that motion. Ms. Josephano was never required to, and never did, file an opposition to the Initial *Ayyash* Motion to Dismiss.

11. Beginning on February 23, 2025, and continuing until March 26, 2025, the *Ayyash* Plaintiffs, including Ms. Josephano, began filing a series of requests for default judgment against

---

[3] It is not clear that Ms. Josephano is even actually alleging the lack of timely receipt of the Motion—as she was aware of the Motion to Dismiss on February 13 and engaged in several conversations with counsel regarding its contents. (*See* Complaint ¶ 17.)

3

American Airlines and its co-defendant, Gulf Air. (*See Ayyash* Dkt. 16, 17, 18, 19, 22, 23, 26, 27, 28, 29, 30, 31, 36, 37, 38.) Those filings raised, in part, similar claims to those asserted in the Complaint in the instant matter. (*See, e.g., Ayyash* Dkt. 27.)

12. On March 28, 2025, Judge Reyes held a hearing in *Ayyash* during which the Court considered, among other things, the various default motions and American Airlines' request to file a motion to dismiss. (Exhibit A, Transcript of Hearing.)

13. The Court denied the various default motions because the defendants had responded to the Complaint. (*See id.* 2:17-19.) When Ms. Josephano argued that American Airlines had not properly served her, the Court ruled that the defendants were not required to do anything more than file their papers with the electronic filing system, which was done. (*See id.* 6:2-15.) The Court further held that, even if the defendants had been untimely, it would have exercised its discretion to give the defendants additional time. (*See id.* 8:16-21.)

14. The Court also granted the defendants permission to file a subsequent motion to dismiss ("Subsequent *Ayyash* Motion to Dismiss") on jurisdictional grounds and set a briefing schedule. (*Id.* 10:15-11:17.) In setting the schedule, Ms. Josephano asked for extra time to submit her opposition "so we can have time to get legal representation." (*Id.* 10:25-11:2.) The Court granted that request and delayed Ms. Josephano's requirement to file any opposition brief until May 16, 2025. (*Id.* 11:8-13.)

15. At the hearing, the Court was alerted to the Complaint in the instant matter, and after reviewing the pleading, the Court instructed Ms. Josephano that the pleading had "no basis in it whatsoever." (*Id.* 14:3-5.)

16. Although the Court initially granted Mr. Ticatch and American Airlines the right to file an immediate motion to dismiss in the instant case, Ms. Josephano objected and stated she

4

wished to amend the Complaint and hire an attorney before proceeding in the instant matter. (*See id.* 14:6-23.) In light of Ms. Josephano's request, the Court instructed Mr. Ticatch and American Airlines to wait until service was made and then file the instant motion, without the need for a Pre-Motion Conference. (*See id.* 16:10-22.)

17. On April 17, 2025, American Airlines filed its Subsequent *Ayyash* Motion to Dismiss. (*Ayyash*, Dkt. 42.) Ms. Josephano sought and received an extension to further delay her opposition to the motion until June 12, 2025. (*Id.*, Dkt. 45.)

18. In her Complaint, Ms. Josephano has asserted claims of fraud and abuse of process against both Defendants based on her allegation that the certificate of service in the Initial *Ayyash* Motion to Dismiss was incorrect and that subsequent discussions between her and Counsel about whether service of that motion was properly made were somehow also incorrect.

19. Ms. Josephano served the Complaint in the instant matter on May 30, 2025. She did not amend her Complaint or retain counsel prior to service.

## ARGUMENT

**I. Ms. Josephano's suit is barred by the judicial proceedings privilege and the doctrine against claim-splitting.**

In the instant suit, Ms. Josephano attempts to turn ordinary litigation conduct into a new lawsuit. This must be rejected. Even if American Airlines' *Ayyash* filings were somehow deficient (which they were not), at best, Ms. Josephano's proper remedy was to ask the Court for sanctions in *Ayyash*, not to initiate a completely different suit. At least two doctrines — the judicial proceedings privilege and the doctrine against claim splitting — prevent Ms. Josephano's attempt to unnecessarily multiply the litigation.

5

A. **Judicial proceedings privilege.**

Under D.C. law, the judicial proceedings privilege provides an <u>absolute</u> privilege for any statement made by an attorney in the course of a judicial proceeding, as long as that statement is related to the underlying proceeding. *See, e.g., Robertson v. Cartinhour*, 867 F. Supp. 2d 37, 52 (D.D.C. 2012), *aff'd*, 553 F. App'x 1 (D.C. Cir. 2014). The privilege applies regardless of the cause of action asserted by the plaintiff. *See, e.g., id.* (applying privilege to claims of fraud and misrepresentation); *McNair Builders, Inc. v. Taylor*, 3 A.3d 1132, 1135 n. 1 (D.C. 2010) (same); *Ginsberg v. Granados*, 963 A.2d 1134, 1140 (D.C. 2009) (applying privilege to claim of negligence). Because the privilege is absolute, it protects statements "irrespective of [the attorney's] purpose, his belief in its truth, or even his knowledge of its falsity." *Robertson*, 867 F. Supp. 2d at 52.

In this case, Ms. Josephano has asserted three causes of action based entirely on statements made by Mr. Ticatch, as Counsel to American Airlines regarding the *Ayyash* litigation. Therefore, the judicial proceedings privilege clearly applies and bars each of Ms. Josephano's claims.

B. **Claim-splitting.**

"The rule against claim splitting requires that all claims arising out of a single wrong be presented in one action." *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) (quoting *Sensormatic Security Corp. v. Sensormatic Electronics Corp.*, 273 Fed. Appx. 256, 265 (4th Cir. 2008)), *aff'd*, 476 F. App'x 861 (D.C. Cir. 2012). The doctrine is based on the same principles underlying *res judicata*— to "foster judicial economy and protect the parties from vexatious and expensive litigation." *Id.* The main difference between *res judicata* and claim-splitting is that the latter deals with situations where the initial lawsuit remains pending. *See id.*

In *Ayyash*, Ms. Josephano made claims that she was entitled to a default judgment and sanctions based on the same facts underlying her claims in this matter— that she was somehow harmed by the certificate of service filed with the Initial *Ayyash* Motion to Dismiss. (*See, e.g., Ayyash* Dkt. 27.) The Court heard her arguments and ultimately ruled that her claims were without merit. (*See* Exhibit A.)

Given that Ms. Josephano has already asserted claims based on the same basic facts, the claim-splitting doctrine prevents her from asserting new causes of action in a separate lawsuit.

**II.     Ms. Josephano Has Failed to State a Claim Against Defendants.**

Even if Ms. Josephano's claims were not barred under the above doctrines, the claims should still be dismissed for failure to state a claim.

    **A. Ms. Josephano has not stated a claim for fraudulent misrepresentation.**

To state a claim for fraudulent misrepresentation, a plaintiff must allege (1) a false representation, (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation. *Pearson v. Chung*, 961 A.2d 1067, 1074 (D.C. 2008).

Ms. Josephano has not plausibly established any of these elements sufficient to withstand a motion to dismiss. However, the most obvious flaw is that Ms. Josephano's claim of false representations as to the date she was served with the Initial *Ayyash* Motion to Dismiss clearly fails for lack of materiality. Among the reasons the statements are not material:

> (1) in *Ayyash*, the Court ruled that American Airlines met any legal obligation it had to Ms. Josephano merely by filing the Initial *Ayyash* Motion to Dismiss, with no further obligation to serve her. (Exhibit A, 6:2-15.)

(2) Ms. Josephano was aware of the Initial *Ayyash* Motion to Dismiss within a day after it was filed, even if she had not "formally" received the documents from Counsel. (Complaint ¶ 17.)

(3) Ms. Josephano was never required to respond to the Initial *Ayyash* Motion to Dismiss before it was moot. (*Ayyash,* Dkt. 14.)

(4) Ms. Josephano was able to file her unfounded Motion for Default in *Ayyash* and have it heard and ruled on by the Court. (Exhibit A, 2:17-19.)

(5) Ms. Josephano was granted an extended schedule to oppose the Subsequent *Ayyash* Motion to Dismiss, with her opposition not due until June 12, 2025. (*Ayyash*, Dkt. 45.)

Given the above, it is clear that the actual date of service on Ms. Josephano of the Initial *Ayyash* Motion to Dismiss had no material effect on her case. Consequently, there is simply no basis for Ms. Josephano's assertion that the statements at issue are sufficiently material to be the basis for a fraud claim. Consequently, the claim should be dismissed.

**B.     Ms. Josephano has not stated a claim for abuse of process.**

To state a claim for abuse of process one must plausibly allege "(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Swanson v. Howard Univ.*, 249 F. Supp. 3d 255, 258 (D.D.C. 2017). Moreover, the "process" at issue must be "used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do." *Houlahan v. World Wide Ass'n of Specialty Programs & Sch.*, 677 F. Supp. 2d 195, 199 (D.D.C. 2010). There is no action for abuse of process when the process is used for the purpose for which it was intended—even when motivated by an ulterior motive. *See id.* at 200.

8

The Complaint alleges abuse of process based on the certificate of service in the Initial *Ayyash* Motion to Dismiss, the Opposition to Ms. Josephano's Motion for Default, and American Airlines' Request for a Pre-Motion Conference. To begin with, none of these filings are "process." *See, e.g., Nevada v. Hicks*, 533 U.S. 353, 364 (2001) ("Process is defined as any means used by a court to acquire or exercise its jurisdiction over a person or over specific property.") (quoting Black's Law Dictionary 1084 (5th ed. 1979)). Moreover, even if these filings were "process," each was used for the express purpose they were intended to be used (i.e., to denote timing of service, oppose a default, and request a conference). Consequently, this claim must be dismissed.

      **C.**      **Ms. Josephano has not stated a claim for fraudulent inducement.**

To state a claim for fraudulent inducement, a plaintiff must demonstrate "a misrepresentation or omission that pertains to an essential term of a contract and the intent to convince a plaintiff to enter the contract." *In re U.S. Off. Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 77, 101 (D.D.C. 2003). Where there is no contract entered into, there is no claim for fraudulent inducement. *See id.* Additionally, even where a contract was entered into, a fraudulent inducement claim requires each of the same elements as a fraudulent misrepresentation claim. *Id.* at 100.

Ms. Josephano was not induced to enter into any contract. Consequently, her claim for fraudulent inducement must be dismissed on this basis alone. Additionally, this claim fails for the same reason the misrepresentation claim fails— lack of materiality. (*See* § II.A, *supra.*)

## CONCLUSION

For the reasons stated above, Ms. Josephano's Complaint should be dismissed with prejudice.

Dated: June 20, 2025                                          Respectfully submitted,

                                                                                       /s/ Micah E. Ticatch
                                                                             Micah E. Ticatch, DC Bar No. 1005398
                                                                             ISLER DARE, P.C.

        1945 Old Gallows Road, Suite 650
        Vienna, Virginia 22182
        (703) 748-2690
        (703) 748-2695 (fax)
        mticatch@islerdare.com

        *Counsel for American Airlines, Inc.*

         /s/ Edward Lee Isler
        Edward Lee Isler, DC Bar No. 417076
        ISLER DARE, P.C.
        1945 Old Gallows Road, Suite 650
        Vienna, Virginia 22182
        (703) 748-2690
        (703) 748-2695 (fax)
        eisler@islerdare.com

        *Counsel for Micah E. Ticatch and American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June 2025 I will serve a copy of the foregoing via electronic and first-class mail upon the following:

>Tala Josephano
>615 Catalina Ave, #233
>Redondo Beach, CA 90277
>josephanotala@gmail.com
>*Pro Se Plaintiff*

>          /s/ Micah E. Ticatch
>Micah E. Ticatch, DC Bar No. 1005398
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mticatch@islerdare.com
>
>*Counsel for American Airlines Inc.*