# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                         DISTRICT OF COLUMBIA
 2

 3   SAMIHA AYYASH, et al.,        ) CIVIL NO.:
                                   ) 24-3434-ACR
 4             Plaintiff,          )
          vs.                      )
 5                                 )
     AMERICAN AIRLINES, INC.,      ) Via: Zoom
 6    et al.,                      ) March 28, 2025
               Defendant.          ) Washington, D.C.
 7   _____) 2:00 p.m.

 8              Transcript of Pre-motion Conference
                Before the Honorable Ana C. Reyes
 9                 United States District Judge

10   APPEARANCES:

11   For the Plaintiff:

12        Samiha Ayyash, Pro se
          Feras Hindi, Pro se
13        Tala Josephano, Pro se

14   For the Defendant American Airlines:

15        Micah E. Ticatch, Esquire
          Isler Dare, P.C.
16        1945 Old Gallows Road
          Suite 650
17        Vienna, VA 22182

18   For the Defendant Gulf Air:

19        Mark A. Johnston, Esquire
          Darcy Osta, Esquire
20        Eckert Seamans Cherin & Mellott, LLC
          1717 Pennsylvania Avenue, NW
21        Suite 1200
          Washington, D.C. 20006
22
     Reported by:    Christine T. Asif, RPR, FCRR
23                   Federal Official Court Reporter
                     333 Constitution Avenue, NW
24                   Washington, D.C. 20001
                     (202) 354-3247
25
```

Proceedings recorded by machine shorthand;
transcript produced by computer-aided transcription

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  We are on the record in civil action
 3   24-3434, Ayyash, et al., versus American Airlines Inc., et
 4   al.
 5            THE COURT:  All right.  Plaintiffs could you please
 6   state your names and defendant's counsel could you please
 7   state your appearances.
 8            MS. JOSEPHANO:  Tala Josephano.
 9            THE COURT:  All right.  Defense counsel.
10            MR. TICATCH:  Good afternoon, Micah Ticatch on
11   behalf of American Airlines.
12            MS. OSTA:  Good afternoon.  Darcy Osta and Mark
13   Johnston on behalf of defendant Gulf Air.
14            THE COURT:  All right.  And Ms. Josephano is Feras
15   Hindi on?
16            MR. HINDI:  Yes, I'm here.
17            THE COURT:  Okay.  So I looked over your various
18   motions.  I'm denying all the motions for default, because the
19   plaintiffs have -- defendants have appeared.  And they've
20   appeared appropriately under my local rules.  So those are
21   getting denied today.
22            Secondly, I think there's an issue with the case for
23   the plaintiffs that I just want to explain to you all, which
24   is it is not possible for individuals to file lawsuits in any
25   state that they want to.  They are required, under American
```

1   law to file a state -- an action either where the events
2   occurred or where the defendants are incorporated, that's the
3   broad swath. And if those things don't -- if either of those
4   aren't present then the Court cannot hear the case. And so
5   American Airlines has not yet filed a motion to dismiss for
6   lack of personal jurisdiction, that's what it's called because
7   of my unique rules. But what they've told me is they plan to
8   file a motion to dismiss the case because the actions did not
9   happen in the District and because neither or none of the
10  defendants are incorporated in D.C.
11          And that's correct; right, defense counsel?
12          MS. OSTA: Yes, Your Honor.
13          MR. TICATCH: That's correct.
14          THE COURT: So there's really very little that I can
15  do. And I just wanted to explain that to you because I'm
16  going to give the plaintiff -- the defense an opportunity to
17  file their motion. And if you want a lawyer, you know, I'm
18  happy to let you find one. But this isn't a close call. This
19  obviously does not belong in this courtroom. So I don't want
20  you wasting money on this case. Where are you all
21  headquartered or incorporated?
22          MR. TICATCH: American Airlines is incorporated in
23  Delaware and its headquarters are in Texas.
24          MS. OSTA: Gulf Air is a corporation under the
25  republic of -- or sorry, the Kingdom of Bahrain and that's

1     where its headquarters is located as well.  It's in Bahrain.
2             THE COURT:  Okay.  All right.  So you don't have a
3     U.S. presence?
4             MS. OSTA:  Currently that's correct, Your Honor.
5             THE COURT:  All right.  So the plaintiffs, Gulf Air
6     would be difficult to sue anywhere in the U.S., I think.
7     Although, I can't say that for sure.  American, you could sue
8     in Delaware or you could sue in Texas, but you cannot sue in
9     the District.
10            MS. JOSEPHANO:  May I speak when you're finished
11    with this, the personal --
12            THE COURT:  Yes.  Go ahead.
13            MS. JOSEPHANO:  I believe that after studying the
14    jurisdiction, I believe American Airlines fits under general
15    and personal.  And Gulf Air for sure they fit under personal.
16    The other thing is they've already participated in the case,
17    which means they filed oppositions, they filed quite a few
18    things.  And I don't know if that's a rule or not, but filing
19    I believe that would waive that.  But I am ready, we are ready
20    to present their jurisdiction proof that they both -- and Gulf
21    Air just stated that they have no presence in the U.S. which
22    is not accurate, which I can prove as well for both
23    jurisdiction.
24            And for D.C. the venue, I also can because the cause
25    of action, the fraud specifically and the negligence per se

1   arise from D.C.  It's about the code share agreement and their
2   misrepresentation to the Department of Transportation.  It's
3   not about the death only.  There's two parts to the case.
4   There is the personal injury with the death.  And there is the
5   personal -- the claims as part of the public that actually
6   were caused harm.  Can I be given a chance to prove the
7   jurisdiction?
8               THE COURT:  Yes, of course.  Yes.  All right.  Well,
9   if you want to try to oppose, by all means.  They have not
10  waived personal jurisdiction.  They're permitted to raise the
11  issue in an initial -- they were allowed to file everything
12  they filed and they raised personal jurisdiction at the right
13  time.  So I'm not going to say they were late on that.  But if
14  you want to proceed, by all means.
15              So what we'll do is set a briefing schedule for
16  motions to dismiss.  So what happens, ma'am, is they will file
17  a motion, you will have an opportunity to respond.  They will
18  file a reply brief and then we will have a hearing.
19              I understand that for some reason you no longer are
20  receiving emails and that you would wish to be contacted by
21  mail.  That's really quite --
22              MS. JOSEPHANO:  I think the picture is not really
23  clear here where we have not discussed -- we're willing to
24  like pass over it, but we have not discussed the way that they
25  approached the service and the way they served or not served

```
1    plaintiffs.  We have --
2               THE COURT:  Well, they're not required to serve you,
3    ma'am.  You're required to serve them.
4               MS. JOSEPHANO:  I did serve them.
5               THE COURT:  Right.  But they're not required to
6    serve you.
7               MS. JOSEPHANO:  How are they not req- -- yes, go
8    ahead.  Sorry.
9               THE COURT:  So what they do is they file their
10   papers on the docket, on the electronic docket.  And then
11   usually what happens is that all of the lawyers and the
12   parties get emails from the docket automatically.  But for
13   some reason -- so they're not required to send you anything at
14   all.  All they're required to do is file their papers on the
15   public docket, which they have done.
16              MS. JOSEPHANO:  Aren't they supposed to serve us an
17   answer on the 21 days for our claims?  They're supposed to
18   serve us that.
19              THE COURT:  No.  No, they're not.  But, ma'am,
20   that's wrong.  They have 21 days to file an answer or a motion
21   to dismiss.  Each judge has different rules.  My particular
22   rules say that within the time line for service, they have to
23   file a pre-motion conference paper, which is what they did,
24   laying out what their motion will be.  And that was timely
25   filed and that is on the docket currently.
```

1              MS. JOSEPHANO:  So it was filed on the last day and
2     if it's goes with the rules of your -- the outstanding orders
3     it's -- they should have conferred with the plaintiffs, No. 1.
4     And No. 2, she did have an expired attorney certificate on
5     filing, which we were willing to confer the motion to dismiss
6     before filing, but we were not approached for that.  So even
7     though she did --
8              THE COURT:  Ma'am -- ma'am.  They are not required
9     to meet and confer for a dispositive motion.  A dispositive
10    motion is one that gets rid of the case, like a motion to
11    dismiss.  They are only required to meet and confer with
12    respect to a discovery motion.  So if the trial -- if the case
13    moves forward and you all have fights about documents, then
14    that they have to meet and confer about. Under the general
15    rules, there's no duty to meet and confer before you file a
16    motion to dismiss, which is what they plan to do.
17             The reason I have the pre-motion conference
18    requirement is because I think conferences are good before
19    motions.  But that's what they pursued and that's what we're
20    doing right now and that includes me as the judge.  So they've
21    done everything procedurally correctly.
22             MS. JOSEPHANO:  Okay.  May I ask here, American
23    Airline, they certified that they did serve the 21-day motion.
24    And they submitted their motion conference despite me pretty
25    much almost begging them to fix the certificate so we can

```
1    submit in a position to his motion to dismiss.  He totally
2    ignored it and filed the meet and confer eight days after the
3    deadline.  Is that procedure --
4             THE COURT:  Ma'am, I'm not quite sure what -- what
5    is it that you want right now that you think you don't have?
6             MS. JOSEPHANO:  I think we -- to be honest, I read
7    his motion to dismiss.  And even the motion to dismiss and
8    their meet to confer is about the merits, it's not even about
9    their jurisdiction or any of this.  And even with that, they
10   both -- both defendants did not follow the procedure to serve
11   or serve on time.
12            THE COURT:  Ma'am --
13            MS. JOSEPHANO:  And she did file with an expired
14   attorney certificate.  And he did admit that he served on the
15   13th, which is day after the deadline he did admit to his --
16            THE COURT:  Ma'am -- ma'am, those deadlines are
17   rules that are a discretion of the judge.  If they did not
18   file on time, I don't really care, I'm giving them the extra
19   time.  So I'm denying the motion for default on timing.  So
20   that's gone.  Forget about the timing.  We are past the
21   timing.
22            MS. JOSEPHANO:  No, no, we're not worried about
23   that.
24            THE COURT:  Ma'am, we are because I said we are.
25   All right.  When I say we are past something, we are past it.
```

1  So we're fine, we're done, we're past the deadlines.
2          Now, they did file a motion to dismiss, but then
3  they realized that I have special rules, so then they withdrew
4  the motion to dismiss and they filed a pre-motion conference
5  document.  And then that's why we set this hearing, because
6  those are my rules.
7          Now, for some reason that I do not understand, you
8  all sent an email to my courtroom deputy saying that you no
9  longer wanted to receive emails and you took your emails off
10 of the automatic ECF filing, which is why we had to mail you
11 the information for this call.  Now, I want to understand
12 first, why you don't want to get emails.  And second, explain
13 to you that what I'm now going to allow is allow the
14 defendants to file motions to dismiss, I will let you have the
15 opportunity to oppose, they will get a reply and then we will
16 have a hearing.
17         MS. JOSEPHANO:  I'm good with that.  But I do not
18 wish to receive emails, because my phone gets either sometimes
19 does and sometimes doesn't, that's reason No. 1.  No. 2 is
20 they did not -- I don't want to say the word "respect," but
21 they didn't use it in the right way.  So I prefer to be mailed
22 like you mailed me a letter from the Court and here I am, I
23 appeared.  You mailed --
24         THE COURT:  All right.  That's -- ma'am, that's
25 totally fine.  If you want mail, that's totally fine.  That

1   just means that you're going to get things three or four days
2   after they've been put on the public docket.  If that's what
3   you want, that's totally fine.  I don't care.
4              Counsel, can you all add mail service to your
5   pleadings, so that our courtroom deputy doesn't have to do
6   this?
7              MS. OSTA:  Yes, Your Honor.
8              MR. TICATCH:  Yes.
9              THE COURT:  Okay.  So after you docket it on the ECF
10  docket, please do so with our traditional, you know,
11  certificate of service that we haven't done in a while, that
12  you've actually mailed it out and make sure it gets mailed
13  out, all right?
14             MS. OSTA:  Yes, Your Honor.
15             THE COURT:  All right.  How long would you guys like
16  for a motion to dismiss briefing?  When do you want to file?
17             MS. OSTA:  Your Honor, Gulf Air would request two to
18  three weeks, please.
19             THE COURT:  Okay.
20             MR. TICATCH:  Your Honor, that schedule works for us
21  as well.
22             THE COURT:  All right.  Ma'am, how long would you
23  like to file an opposition?  Do you want 30 days?  That's
24  what, you know, usually people ask for is 30 days.
25             MS. JOSEPHANO:  Is it possible that we get it in a

1  month, like them submitting that, so we can have time to get
2  legal representation.
3          THE COURT:  Yeah.  So what I will do is -- what's
4  today, the 28th?  You guys okay with April 18th, that's eight
5  weeks -- that's three weeks.
6          MS. OSTA:  Yes, Your Honor.
7          MR. TICATCH:  Yes.
8          THE COURT:  All right.  So I'm going to make their
9  motion due on April 18th.  And then I'm going to give you all
10 two months,  -- I'm going to give you until May 16 to oppose,
11 so you get 60 days to try to find a lawyer.  And then I will
12 give them until June 6th to reply.  And then we will set a
13 hearing.
14         Counsel, I don't need a briefing on the 12(b)(6) at
15 this point, just jurisdiction for now.  If I find that they
16 have jurisdiction, I'll let you file a 12(b)(6) later, all
17 right?
18         MS. OSTA:  Thank you, Your Honor.
19         THE COURT:  All right.  Ma'am, does that -- did you
20 understand that schedule?
21         MS. JOSEPHANO:  Yes, I did.
22         THE COURT:  All right.  So we will send out a minute
23 order with the schedule on it.  Can you guys print it out and
24 send it to her, please?
25         MR. TICATCH:  Yes, we can do that.

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1          THE COURT:  All right.  Anything else at this time?
2          MR. TICATCH:  Your Honor, I have been alerted that
3  one of the plaintiffs in this case has filed a lawsuit against
4  me, personally, and my client American Airlines, based on the
5  same issue that was addressed here today.  I'm not sure if
6  there's anything we can do on that today, but --
7          THE COURT:  What's the issue?  What's the issue?
8          MR. TICATCH:  That -- the claim is for fraud and
9  abuse of process, again, on the certificate of service.
10          THE COURT:  Okay.  Ma'am --
11          MS. JOSEPHANO:  No, it's not about the certificate
12  of service.  Don't say -- you have to give the picture
13  correctly.
14          THE COURT:  Okay.  What's the correct picture.
15  Ma'am, what's the correct picture?
16          MS. JOSEPHANO:  I emailed him twice and I spoke to
17  him like four times, and every time he actually misled me that
18  he did serve -- send papers and that he did do all --
19  everything correctly.  And I pretty much begged him to fix it.
20  And I gave him a chance and I said, I want to argue the
21  merits.  We do not want this on procedures.  And he still
22  refused.  And then he was so sure that the judge is not going
23  to care for your case.  That's exactly what he told me.
24          THE COURT:  All right.  Well, I'm not going to get
25  into he said, she said, I think what he meant was --

```
1              MS. JOSEPHANO:  This is a different case.  This has
2    nothing to do with --
3              THE COURT:  All right.  Ma'am.  Ma'am.  Where was
4    that case filed, Mr. Ticatch?
5              MR. TICATCH:  Here.  And I believe it's been
6    assigned to you, I think maybe because it's a related case,
7    but I have not been served with it yet.  I just found it on
8    the docket.
9              THE COURT:  All right.  Ma'am, I still don't
10   understand what you think that he did incorrectly, he --
11   everything that I have seen that he has done, he has done
12   correctly.  He is under no obligation to talk you about the
13   merits of the case.  None.  There's no rule that requires him
14   to talk about the merits of the case.  He doesn't even have to
15   take your phone call if he doesn't want to.
16             MS. JOSEPHANO:  I'm -- I'm sorry here, I think I
17   deserve a chance in my other case, which is not related to
18   this case, it has nothing to do and it's against him
19   personally, it's not against the defendants in this case.
20   This man --
21             THE COURT:  Ma'am.  Ma'am, it is related in this
22   case under our rules, it is my case, so if you, you know, --
23   Mr. Ticatch if you want to --
24             MS. JOSEPHANO:  Dismiss it and I'll just appeal,
25   because that's separate case, has nothing to do with this one,
```

```
 1   that's personal.
 2             THE COURT:  One second.
 3             All right.  Ma'am, I mean, I'm telling you right now
 4   that this second complaint, I'm looking at it right now, has
 5   no basis in it whatsoever.
 6             Mr. Ticatch, file a short brief motion to dismiss
 7   with your other motion.
 8             MS. JOSEPHANO:  But it wasn't served on him yet.  I
 9   haven't served him yet because I plan to hire a lawyer for
10   it.
11             THE COURT:  I can --
12             MS. JOSEPHANO:  You can dismiss it from your end and
13   I can appeal it.
14             THE COURT:  Ma'am, I'm not going to dismiss it from
15   my end without giving you a chance to respond to a motion.
16             Mr. Ticatch, you've officially been served.  I just
17   served you.  Will you please file a motion.
18             MS. JOSEPHANO:  But I'm going to amend the claim,
19   I'm not ready to submit the claim as it is.
20             THE COURT:  Well, I'm not going to --
21             MS. JOSEPHANO:  I have 21 days to amend the claim.
22   How can you serve him on me if I have a lawyer, I want to get
23   a lawyer for it.
24             THE COURT:  All right.  Ma'am, you know what, fine.
25   You have until -- when do you have until -- to amend do you
```

```
 1    think?  When does she have to amend, do you guys know?
 2              MS. JOSEPHANO:  19 days or maybe 15 days.
 3              MR. TICATCH:  I think the only deadline right now is
 4    the service deadline, which I think is 60 days or 90 days.
 5              MS. JOSEPHANO:  I'm actually thinking of filing
 6    criminally on you, just so you understand the position we're
 7    in, because he did actually --
 8              THE COURT:  All right.  Ma'am, you cannot file
 9    criminal charges against anyone, only a prosecutor can do
10    that.  All right.  I'm not going to have you harass the
11    lawyer.  If I start seeing that you're harassing the lawyer,
12    there are going to be consequences.  All right?
13              MS. JOSEPHANO:  That's what I -- filing a police
14    report.  That's what I meant.  Not filing criminal charges,
15    sorry, for my --
16              THE COURT:  All right.  Well, you file the police
17    report and it will go absolutely nowhere.  And if I find that
18    Mr. Ticatch is getting harassed by you, I have all the power
19    in the world to impose --
20              MS. JOSEPHANO:  Why are you -- why are you -- why
21    are you, like, being rough on me only?  Why?
22              THE COURT:  Ma'am --
23              MS. JOSEPHANO:  I'm on every step of your rules,
24    they didn't.  Why are you being rough on me, like, I don't
25    understand.
```

1               THE COURT:  Ma'am, I'm not being rough on you, I'm
2    trying to -- in fact, I've been far more patient than about 99
3    percent of judges would be under the circumstances.  You
4    are -- you missed -- your complaints are based on a
5    misconstruction of the rules.  All right.  What you are
6    saying, and I looked at the complaint that Mr. Ticatch did
7    incorrectly, he did not do incorrectly.  Now, if you want to
8    file a lawyer and file an amended complaints, by all means do
9    so.
10              Mr. Ticatch, after you get served with a complaint,
11   file your motion, two, three weeks, then we will set a
12   briefing schedule and then we will get that taken care of as
13   well.  And, ma'am, you will have every opportunity to oppose
14   that motion.
15              MS. JOSEPHANO:  Thank you.
16              THE COURT:  All right.
17              MS. JOSEPHANO:  Thank you very much.
18              MR. TICATCH:  I'm sorry, Your Honor, just to
19   clarify, you want a letter, like we did in this case, or you
20   want me to skip that step?
21              THE COURT:  Don't -- you don't need a PMC in this
22   one, just file your motion.
23              MR. TICATCH:  Okay.  Thank you, Your Honor.
24              THE COURT:  Just wait until you get served and then,
25   you know, file within some reasonable time after you get

```
1    served.  I'll set a briefing schedule to let her know when to
2    oppose, all right?
3              MR. TICATCH:  Sounds good.  Thank you, Your Honor.
4              THE COURT:  All right.  Mr. -- if any party here is
5    abusing the system, or harassing the other side, please bring
6    it to my attention and we will get it dealt with, okay?
7              All right.  Thank you.
8              All right.  Thank you, everyone.
9              MR. TICATCH:  Thank you.
10             MS. OSTA:  Thank you.
11             MR. JOHNSTON:  Thank you, Your Honor.
12             (The proceedings were concluded at 2:21 p.m.)
13             I, Christine Asif, RPR, FCRR, do hereby certify that
     the foregoing is a correct transcript from the stenographic
14   record of proceedings in the above-entitled matter.

15                       _____/s/_____
                            Christine T. Asif
16                        Official Court Reporter
```

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter