1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

|  |  |  |
|---|---|---|
| **Tala Josephano** | ) | Case No.: 1:25-cv-00753 |
|  | ) |  |
| Plaintiff | ) |  |
| **American Airlines Inc.** | ) |  |
|  | ) |  |
| Defendant | ) |  |
|  | ) |  |

**PLAINTIFF TALA JOSEPHANO'S MOTION FOR RECUSAL OF JUDGE ANA C. REYES**

**INTRODUCTION**

Plaintiff moves for the recusal of Judge Ana C. Reyes pursuant to 28 U.S.C. §§ 144 and 455, and the Fifth Amendment's Due Process Clause. The Court's integrity requires recusal and reassignment because Judge Reyes has demonstrated actual bias and, at minimum, an appearance of bias that would cause any reasonable observer to question her impartiality.

This motion arises from Reyes' conduct not only in this case, but also in *Ayyash v. Gulf Air & American Airlines*, No. 1:24-cv-03434 ("the prior case"), where she improperly involved herself in service of process, ignored urgent motions for protection, by passed multiple federal Civil rules including her own standing order,  dismissed the case focusing on location of death ignoring public safety and federal laws violations without addressing discovery or jurisdiction, and disregarded Plaintiff's reassignment and recusal requests.



RECEIVED
AUG 20 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**FACTUAL BACKGROUND**

1. Improper Service Intervention.

    In a hearing in the prior case (No. 1:24-cv-03434), Judge Reyes attempted to serve Defendant American Airlines on Plaintiff's behalf in this action (No. 1:25-cv-00753), exceeding her judicial role and displaying partiality toward the Defendant. Additionally citing wrong federal civil rules for service ( See DKT For Requesting extension by Plaintiff and Co Plaintiffs )

2. Irregular Reassignment.

    This case was originally assigned to Judge Reggie B. Walton but was reassigned to Judge Reyes under circumstances raising suspicion of favoritism benefiting American Airlines. The case was delayed from appearing on dockets like most of the other filings for Plaintiff in that case.

3. Suppressed Filings & Ignored Motions.

    In the prior case, Judge Reyes ignored or denied, or mooted every substantive motion, including discovery requests and motions for emergency protection without explanations , ultimately dismissing the matter without adjudicating jurisdiction, federal law violations, endangerment of the public or fraud claims. Plaintiff's reassignment motion and recusal notice were never addressed in that case, depriving Plaintiff of due process.

4. Fraud Upon the Court Allegations.

    Plaintiff notified Judge Reyes and her staff by email—on multiple occasions—of intent to sue for fraud upon the court (see Dkt. 31, 14, 24) in No. 1:24-cv-03434), based on conduct by intake staff and chambers in assisting American Airlines and its co-defendant

    Gulf Air. Despite this, Reyes has continued to preside over Plaintiff's cases, creating a direct conflict. ( See DKT 31 -23- 14)

5. Prior Professional Ties.

    Reyes formerly practiced at a law firm for over two decades that represented and still represents American Airlines, raising reasonable questions of impartiality under § 455(a). See DKT 45 case 1:24-cv-03434. The judge acted as their defense lawyer in the hearing of March 28 2025 ( audio transcript will prove this point )

6. Risk to Plaintiff's Safety.

    In the prior case, Plaintiff sought emergency hearings on threats to her life and poisoning attempts by Gulf Air, but Judge Reyes ignored the filings for months and dismissed these requests as "speculative," delaying rulings until after Gulf Air secured permits and code-share renewals. Plaintiff has since fled the United States and remains in hiding abroad.

7. The plaintiff had to leave the country to protect herself after the judge finished doing favors and exceeded her Rule as a judge . The transcript of the hearing on March 28 2025 shows incompetence in federal rules and a power trip over Pro Se.

8. Plaintiff in case 1:24-cv-03434 under DKT 44, 46 Explained exactly how the judge, intake and her chamber staff were simply working for defendants rather than the public and justice

## **LEGAL STANDARD**

A. 28 U.S.C. § 455(a): A judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."

B.  28 U.S.C. § 455(b)(1): Requires recusal where a judge has "a personal bias or prejudice concerning a party."

C.  28 U.S.C. § 144: On a party's timely affidavit showing personal bias, the judge "shall proceed no further."

## SUPREME COURT PRECEDENTS

The United States Supreme Court has consistently emphasized that the integrity of the judiciary requires not only the absence of actual bias but also the avoidance of any appearance of bias. In *In re Murchison*, 349 U.S. 133, 136 (1955), the Court held that "[o]ur system of law has always endeavored to prevent even the probability of unfairness," reaffirming that "justice must satisfy the appearance of justice." This principle mandates recusal whenever a reasonable observer might perceive a risk of partiality that undermines public confidence in judicial impartiality.

Similarly, in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988), the Court clarified that recusal is required when a judge's impartiality "might reasonably be questioned." This standard protects the public's interest in an unbiased tribunal and ensures that the judiciary maintains its legitimacy by avoiding even the appearance of favoritism or prejudice.

In *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009), the Court recognized that due process requires recusal when "extreme facts" create a "serious risk of actual bias." The Court held that the constitutional guarantee of a fair trial demands disqualification not only in cases of proven bias but also when the probability of bias is sufficiently high to threaten the fairness of the proceeding.

Finally, *Liteky v. United States*, 510 U.S. 540, 555 (1994) established that extrajudicial conduct or statements demonstrating "such a high degree of favoritism or antagonism as to make fair judgment impossible" warrant disqualification. The Court emphasized that conduct beyond the judge's judicial role which reflects deep-seated bias defeats the presumption of impartiality and justifies recusal.

Together, these precedents establish a rigorous standard under which courts must act proactively to ensure that judges recuse themselves whenever their impartiality is legitimately in question—whether through actual bias or its appearance—to safeguard the fairness and legitimacy of judicial proceedings.

## **ARGUMENT**

1. Judicial Corruption and Improper Involvement Demonstrate Actual Partiality.

Judge Reyes' direct intervention in attempting to serve American Airlines on Plaintiff's behalf in a related proceeding goes far beyond the bounds of judicial neutrality or permissible judicial duties. This extrajudicial conduct constitutes advocacy for a litigant, violating *Liteky v. United States*, 510 U.S. 540, 555 (1994), which condemns any judicial behavior showing a "high degree of favoritism" that renders fair judgment impossible. Such actions are not merely biased but represent a corrosive breach of judicial ethics and suggest corrupt favoritism toward the Defendant party.

2. Irregular Reassignment and Willful Suppression of Docket Entries Subvert Due Process.

The reassignment of this case from Judge Walton to Judge Reyes occurred under suspicious circumstances that appear designed to advantage American Airlines. Compounding this

procedural irregularity, Judge Reyes has intentionally refused to consider Plaintiff's reassignment and recusal notice in the prior case. Intent to sue was effectively hidden from the record and depriving Plaintiff of fundamental due process. This deliberate obstruction undermines public confidence in the court's integrity and neutrality.

3. Fraud Allegations Against Chambers and Staff Establish a Conflict and Corrupt Influence.

Plaintiff has formally notified Judge Reyes and her chambers (Dkt. 14,23, 31, No. 1:24-cv-03434) of an imminent lawsuit alleging fraud upon the court by intake staff and chambers employees who have acted in concert with American Airlines and Gulf Air. Despite these serious allegations, Judge Reyes continues to preside over Plaintiff's cases, thereby creating an undeniable conflict of interest. This refusal to recuse herself in the face of direct accusations amounts to tacit complicity and corrodes the foundation of impartial justice, violating 28 U.S.C. § 455(b)(1) and the Due Process Clause.

4. Prior Employment with Defendant's Counsel Supports a Reasonable Question of Impartiality

Judge Reyes' prior association with a law firm ( Williams & Connolly) that represented American Airlines—even if no actual bias is proven—raises a substantial question as to her impartiality under 28 U.S.C. § 455(a). A reasonable observer, apprised of this fact alongside other concerning conduct, would justifiably harbor serious doubts about the judge's ability to act fairly.

5. Sustained Pattern of Favoring Defendants and Ignoring Plaintiff's Safety Raises Grave Justice Concerns.

Judge Reyes has systematically denied Plaintiff's urgent motions for protection and discovery, postponing rulings until after Defendants secured critical regulatory advantages. She dismissed the earlier case without addressing jurisdictional and fraud claims, ignoring Plaintiff's safety-related emergency hearings despite credible threats to Plaintiff's life. This pattern of judicial conduct creates both the appearance and reality of gross injustice, contrary to the due process principles established in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) and *In re Murchison*, 349 U.S. 133 (1955). The judge simply risked every American's lives for possibly personal gain or favours to her law firm clients.

Plaintiff filed multiple notices (DKT 45 & 46 in No. 1:24-cv-03434) formally requesting recusal. Judge Reyes flagrantly ignored these filings and refused to recuse herself, further evidencing bad faith. In this case, Plaintiff sought reassignment, but it appears Judge Reyes promised American Airlines she would maintain control to secure dismissal ( See Transcript of March 28 2025 hearing " we will take care of it", demonstrating impermissible partiality.

Moreover, in both actions, Plaintiff was denied required Magistrate consent forms, strongly suggesting manipulation by judicial intake to funnel cases directly to Judge Reyes without proper procedures or impartial assignment. Plaintiff has also documented Judge Reyes's own admission of judicial overreach in stating, "I have all the power in the world," a statement wholly inconsistent with the rule of law and judicial modesty and abuse of power against Pro Se

Despite repeated complaints filed with the Department of Justice and the Judicial Conduct Committee, Plaintiff's attempts to expose this corruption have been met with silence, likely due

to influence exerted by Gulf Air and American Airlines, who are believed to have compromised Plaintiff's electronic communications through illegal hacking.

These serious allegations have also been reported to the FBI, Congress, and the Judicial Committee, emphasizing the grave threat to judicial integrity and public trust posed by Judge Reyes' continued involvement.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion and order the immediate recusal of Judge Ana C. Reyes pursuant to 28 U.S.C. §§ 144 and 455.

Plaintiff further requests that the case be reassigned to a different and impartial judge with no prior involvement in this matter or related proceedings, to ensure the fair and unbiased adjudication of Plaintiff's claims.

In light of the serious allegations of judicial misconduct, bias, and possible corruption detailed herein, Plaintiff respectfully urges the Court to refer these matters to the appropriate judicial oversight or disciplinary authorities for a thorough and independent investigation, thereby preserving the integrity of the judiciary and maintaining public confidence in the administration of justice.

Finally, Plaintiff requests that all proceedings in this action be stayed pending the resolution of this Motion for Recusal and the subsequent reassignment, to protect Plaintiff's due process rights and to prevent any irreparable prejudice.

Submitted Aug 20 2025

/s/ Tala Josephano

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2025, a true and correct copy of the foregoing document was served via electronic mail to the following counsel of record:

Micah E. Ticatch

ISLER DARE, P.C.

1945 Old Gallows Road, Suite 650

Vienna, Virginia 22182

Email: mticatch@islerdare.com

Edward Lee Isler

ISLER DARE, P.C.

1945 Old Gallows Road, Suite 650

Vienna, Virginia 22182

Email: eisler@islerdare.com

In addition, a copy will be mailed via United States Postal Service to the above addresses.

Respectfully submitted,

/s/ Tala Josephano

Pro Se Plaintiff

Date: August 20, 2025