1

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

## Civil Division

| | | |
|---|---|---|
| Tala Josephano | ) | Case: 1:25-cv-753 ACR |
| Plaintiff, | ) | |
| American Airlines, INC. , | | |
| Micah Ephram Ticatch, | ) | |
| Defendant | ) | |
| _____ | ) | |

**PLAINTIFF'S NOTICE OF ELECTION TO STAND ON COMPLAINT AND PRESERVATION OF APPELLATE RIGHTS**

1. Plaintiff Tala Josephano respectfully submits this Notice pursuant to the Court's Order of August 5, 2025  and states as follows:

    **A. Election to stand on the pleading**

2. Plaintiff elects to stand on the Complaint as filed and will not submit further briefing on Defendant's Motion to Dismiss (Dkt. 7). This election is made pursuant to the principles recognized in *Fox v. Strickland*, 837 F.2d 507 (9th Cir. 1988), and *Neal v. Kelly*, 963 F.2d 453 (7th Cir. 1992), which hold that a plaintiff may stand on the complaint in order to preserve appellate review of dismissal. Although those decisions are from other Circuits,



RECEIVED
AUG 29 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

their reasoning has been widely followed and is consistent with this Court's appellate practice.

### B. Prejudgment on the record

3. At the March 28, 2025 hearing in *Ayyash v. American Airlines* (No. 1:24-cv-3434), defense counsel informed the Court that "one of the plaintiffs … has filed a lawsuit … against me … and my client American Airlines," thereby bringing this action to the Court's attention. The Court responded that the "second complaint … has no basis in it whatsoever," notwithstanding that no service, briefing, or amendment had occurred. Such statements, made in a separate proceeding, create the appearance that the Court had already decided the merits of this case before it was litigated.

### C. Improper judicial intervention in service

4. In the same exchange, the Court stated to defense counsel: "You've officially been served. I just served you" . Service of process under Rule 4 is the responsibility of the parties, not the Court. This statement blurs the line between neutral adjudicator and party process server and contributes to an appearance of partiality.

### D. Unequal application of pre-motion procedures

5. Earlier in that same conference, the Court required in the *Ayyash* matter to follow its standing requirement of a pre-motion conference ("my rules"). Yet moments later, the Court told American Airlines in this case: "You don't need a PMC in this one, just file your motion." The selective suspension of the Court's own procedure in favor of the defendant underscores unequal treatment of parties within the same hearing.

### E. Use of collective pronoun "we"

6. The Court further told defense counsel, regarding their forthcoming motion, "then we will get that taken care of as well." The use of "we" in this context reasonably conveys alignment with one party's litigation strategy and erodes the appearance of judicial neutrality.

### F. Warning intimidating language directed at Plaintiff

7. When Plaintiff raised concerns about fairness, the Court stated: "If I find that Mr. Ticatch is getting harassed by you, I have all the power in the world to impose—." Such language, directed toward a pro se litigant facing two big corporations and without evidence or without any reason, reasonably creates the appearance of intimidation inconsistent with neutral case management.

### G. Appearance of bias preserved

8. Plaintiff has timely moved for reassignment and recusal based on (i) prejudgment, (ii) unequal application of procedures, and (iii) judicial intervention in service. Those motions were denied in a minute order without addressing these core concerns, but they remain preserved for appellate review. See 28 U.S.C. § 455(a) (a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned").

### H. Preservation of appellate rights

9. In light of the foregoing, further briefing would be futile given the Court's on-record prejudgment that this case "has no basis." Plaintiff therefore elects to stand on the Complaint and preserves all appellate rights, including review of (a) the denial of reassignment and recusal, (b) the appearance of prejudgment and unequal treatment, and (c) any dismissal entered on this record.

10. Plaintiff respectfully emphasizes that the conclusion of futility regarding further amendment in this case is based solely on the procedural posture and treatment of the related action, *Ayyash v. American Airlines, Inc.*, No. 1:24-cv-03434 (D.D.C.). In that matter, motions were denied or mooted without meaningful consideration, and the case was dismissed despite unresolved jurisdictional and discovery issues. This procedural context reasonably leads Plaintiff to conclude that seeking leave to amend here would be futile due to similar treatment risks, rather than a reflection on the substantive merits or validity of Plaintiff's claims or newly discovered evidence.

11. Accordingly, Plaintiff also preserves for appellate review the foreclosure of her opportunity to fairly amend and develop the record, which constitutes reversible error under *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a)'s mandate is to be heeded; leave to amend shall be freely given when justice so requires").

Respectfully submitted,

August 29 2025



/s/ Tala Josephano

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2025, a true and correct copy of the foregoing document was served via electronic mail to the following counsel of record:

PLAINTIFF'S NOTICE OF ELECTION TO STAND ON COMPLAINT AND PRESERVATION OF APPELLATE RIGHTS

Micah E. Ticatc ISLER DARE, P.C. 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182
Email: mticatch@islerdare.com

Edward Lee Isler ISLER DARE, P.C. 1945 Old Gallows Road, Suite 650 Vienna, Virginia 22182
Email: eisler@islerdare.com

In addition, a copy will be mailed via United States Postal Service to the above addresses.

Respectfully submitted,

Date: August 29, 2025

/s/ Tala Josephano
Pro Se Plaintiff